UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
JUN - 9 2006
CLERK'S OFFICE
DETROIT

ERIC HOLMAN, ERICA HOLMAN,
and JAIMIE JOHNSON,

        Plaintiffs,

v.                                      CASE NO. 06-10579
                                       HON. LAWRENCE P. ZATKOFF

STATE OF MICHIGAN, ET AL,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)**

### I. INTRODUCTION

Plaintiffs filed their *pro se* Complaint on Februay 6, 2006. Currently before the Court is Plaintiffs' request to proceed without prepayment of fees and for appointment of counsel. Plaintiffs' request to proceed without prepayment of fees is GRANTED; however, the Court will deny Plaintiffs' request for appointment of counsel, and will DISMISS Plaintiffs' Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

### II. ANALYSIS

**A.    Plaintiffs' Request to Proceed without Prepayment of Fees**

Plaintiffs have filed a motion to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person

is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied with a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See Gibson*, 915 F.2d at 261. The Court finds Plaintiffs' financial affidavit facially sufficient; therefore, the Court will grant Plaintiffs' motion to proceed without prepayment of fees.

**B.      Plaintiff's Request for Appointment of Counsel**

Appointment of counsel is not a constitutional right, and is only justified in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Appointment of counsel is not appropriate when the plaintiff's claims have little chance of success. *Id.* As discussed below, Plaintiffs' complaint fails to state a claim on which relief can be granted; therefore, Plaintiffs' request for appointment of counsel is denied.

**C.      Dismissal Under § 1915(e)(2)**

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2), a court "shall dismiss" the case at any time if the court finds that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600

(6th Cir. 1998) (stating that complaints can be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless."). The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Moreover, although any ambiguities must be resolved in the plaintiff's favor, *see Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992), the court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) (citations omitted). Finally, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

In the complaint, Plaintiff Eric Holman states that he and Crystal Vliet had a daughter, Plaintiff Erica Holman, in 2004. The hospital claimed Erica tested positive for a "cocaine-like substance," and turned her over to child protective services. Erica was then released to the custody of her maternal grandparents. A hearing in the Genesee County Probate Court was then held. Holman alleges that Vliet was told that she must separate from him in order to regain custody of Erica. Holman alleges that Vliet subsequently committed suicide through a drug overdose. Holman alleges that he was accused of domestic violence, and not yet been given custody of Erica. Holman now claims wrongful death and loss of consortium, denial of equal protection, due process, and

effective assistance of counsel. The connection of Plaintiff Jaimie Johnson to the case is not explained.

While Plaintiffs' story is tragic, they fail to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). Although the Court must construe the *pro se* complaint liberally, and resolve ambiguities in Plaintiffs' favor, the Court "is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock*, 68 Fed. Appx. at 574. Like the complaint in *Hendrock*, the instant complaint is "vague, conclusory, and [contains] no factual allegations upon which a valid federal claim may rest." *Id.* Because the Court has no discretion to allow Plaintiffs to amend their Complaint under § 1915(e), the Court must dismiss Plaintiffs' Complaint for failing to state a claim upon which relief can be granted. *See McGore*, at 612.

## IV. CONCLUSION

Therefore, for the reasons set forth above, Plaintiffs' request to proceed without prepayment of costs is GRANTED; however, the Court denies Plaintiffs' request for appointment of counsel and HEREBY DISMISSES Plaintiffs' Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

Dated: 6-8-06

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

C:\Documents and Settings\mckendri\Desktop\mckendrick\mckendrick\IFP\0610579.holman.dismiss.ifp.wpd